Arthur E. Connick, Esq. Village Attorney, Ardsley
You have asked whether your village's auxiliary police are authorized to direct and control traffic in the village on a regular basis.
Section 2.10 of the Criminal Procedure Law is a comprehensive list of those persons possessing the status and powers of peace officers. Under section 2.10(26) of the Criminal Procedure Law peace officer status is granted to:
 "Peace officers designated pursuant to the provisions of the New York state defense emergency act, as set forth in chapter seven hundred eighty-four of the laws of nineteen hundred fifty-one, as amended, when acting pursuant to their special duties during a period of attack or imminent attack by enemy forces, or during official drills called to combat natural or man-made disasters, or during official drills in preparation for an attack by enemy forces or in preparation for a natural or man-made disaster; * * * and provided further, that such officer shall have the powers set forth in section 2.20 of this article only during a period of imminent or actual attack by enemy forces and during drills authorized under section twenty-nine-b of article two-B of the executive law, providing for the use of civil defense forces in disasters. Notwithstanding any other provision of law, such officers shall have the power to direct and control traffic during official drills in preparation for an attack by enemy forces or in preparation for combating natural or man-made disasters; however, this grant does not include any of the other powers set forth in section 2.20 of this article."*
The New York State Defense Emergency Act ("Emergency Act") establishes procedures and provides special powers in the event of enemy attack (McKinney's Unconsolidated Laws, Title 26). In order to prepare for an attack, counties and cities are required to recruit and train auxiliary police or special deputy sheriffs to maintain order, control traffic and perform other police and civil defense functions during and after attack (id., § 9123[22]). The local legislative body of a county, town, city or village may confer upon members of auxiliary police the powers of peace officers, subject to any restrictions the municipality might impose and subject to the provisions of subdivision 26 of section 2.10 and section 2.20 of the Criminal Procedure Law (id., § 9185). Section 2.20 defines the powers of peace officers.
In a previous opinion of this office (Op Atty Gen [Inf] 81-49), construing previous amendments to subdivision 26 (L 1980, ch 843), we concluded that the proviso in the subdivision restricts the times when auxiliary police officers possess peace officers' powers. The Legislature has amended the proviso (L 1983, ch 969, § 6) to expand the times when these powers are possessed. Under current subdivision 26, the proviso authorizes auxiliary police who have been locally designated as peace officers to exercise the powers of peace officers during a period of imminent or actual attack and during drills actually to combat a natural or man-made disaster under Article 2-B of the Executive Law. Further, auxiliary police officers are given the power to direct and control traffic "during official drills" in preparation for an attack or in preparation for combating natural or man-made disasters. In undertaking this latter role, auxiliary police officers possess only those powers set forth in section 2.20 needed to direct and control traffic (see July 7, 1983 letter from Melvin Miller, Chairman, Assembly Codes Committee to Alice Daniel, Counsel to the Governor in relation to Assembly 5782B; and the Assembly Memorandum in support of Assembly 5782-A). We believe that the extent to which auxiliary police may be utilized in this capacity is a factual matter, dependent upon the training needs of a particular municipality.
We conclude that auxiliary police may be authorized to direct and control traffic as a component of official drills in preparation for an attack or in preparation for combating natural or man-made disasters. In undertaking this role, auxiliary police possess those powers of peace officers under section 2.20 of the Criminal Procedure Law that are necessary for such purposes.
* Under section 29-b(2) of the Executive Law, upon the threat or occurrence of a natural or man-made disaster the county's chief executive may direct the civil defense director of a county to assist in the protection and preservation of life or property "by holding a civil defense drill and training exercise at the scene of the disaster".